```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

STEVE BERRYHILL,                )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  11 C 5348
                                )
GEORGIA PACIFIC,                )
                                )
          Defendant.            )
```

## MEMORANDUM ORDER

On August 10, 2011 this Court issued a minute order in this pro se action brought by Steve Berryhill ("Berryhill") against his former employer, Georgia Pacific, that:

   1. granted Berryhill's application to proceed in forma pauperis;

   2. directed the Clerk to issue summons and to forward the summons to the United States Marshal for service;

   3. denied without prejudice Berryhill's motion for appointment of counsel because of his failure to have made an effort to obtain counsel as is called for in Paragraph 2 of the Motion for Counsel form; and

   4. set an initial status hearing for 9 a.m. October 12, 2011.

In addition, this Court issued its customary opening-gun order elaborating on what was expected to be done in preparation for that status hearing.

What has now developed is that Berryhill has dropped out of

sight for all practical purposes.  Mail directed to the street address listed in his Complaint is returned unclaimed, and efforts to reach him at the telephone number he has listed are always met with the following recorded message:

> The person you have called is unavailable right now.
> Please try again later.

It is of course the responsibility of anyone who brings a lawsuit to pursue it actively.  Indeed, that is particularly the case where a plaintiff has incurred no cost by reason of having been granted in forma pauperis status, so that simply ignoring the lawsuit is cost-free.

With this Court's August 10 orders not having reached Berryhill, and with the address and telephone number he has listed providing no help at all, this Court does not view the active pursuit of this litigation as its responsibility.  Both the Complaint and this action are therefore dismissed.

Although such a dismissal is nominally entered without prejudice, the legal requirement that any such employment discrimination action must be brought within 90 days after receipt of EEOC's right-to-sue letter can effectively convert a without-prejudice dismissal into a dismissal with prejudice in real world terms.  This Court has no desire to create such a problem for Berryhill.  Accordingly, if he were to emerge and seek to go forward at any time during the next 63 days (on or before October 28, 2011), this Court would treat such an effort

as a motion brought under Fed. R. Civ. P. 60(b), so that he would not lose the benefit of his original filing date.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:   August 26, 2011