IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

Steve Berryhill,             )
                             )
           Plaintiff,        )
                             )
     v.                      )    No. 11 C 5348
                             )
Georgia-Pacific,             )
                             )
           Defendant.        )

                       MEMORANDUM ORDER

    Georgia-Pacific Corrugated II LLC (identified incorrectly in the Complaint as "Georgia-Pacific," but nevertheless referred to here by that shorthand label solely for purposes of convenience) has filed its Amended Answer and Affirmative and Other Defenses ("ADs") to the employment discrimination claim filed against it by Steve Berryhill ("Berryhill").  This sua sponte memorandum order is occasioned by some problematic aspects of that responsive pleading.

    It should first be recognized that any defendant faces problems where, as here, it is called on to respond to a pro se filing, particularly one containing an extended narrative by the unrepresented plaintiff.  Both the plaintiff and the defendant (and, not incidentally, the assigned judge) are better served by arming the plaintiff with representation by counsel if plaintiff qualifies for that benefit.  In this case plaintiff Berryhill qualified for in forma pauperis treatment, thus excusing his payment of the $350 filing fee (and he would also have qualified

for the appointment of pro bono counsel to represent him if he had identified reasonable but unsuccessful efforts to obtain counsel on his own, as our Court of Appeals requires). It is not too late for him to do so, and this Court commends consideration of that course of action to Berryhill in the interest of all concerned.

Meanwhile Georgia-Pacific plus its counsel need to clean up their own act as well. For one thing, Answer ¶¶ 2 and 7 and a good many of the responses to Berryhill's extended narrative have followed an invocation of the disclaimer prescribed by Fed.R.Civ.P. ("Rule") 8(b)(5) with the phrase "and, therefore, denies the same." That is of course oxymoronic -- how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

As for Georgia-Pacific's ADs, counsel has pursued an everything-but-the-kitchen-sink approach that is necessarily suspect and plainly calls for a return to the drawing board. Counsel should first take a look at, and comply with, what this Court has said in its App'x ¶ 5 in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) -- and without seeking to be exhaustive, this memorandum order also draws the

attention of counsel to a few particulars:

1. AD 1, the essential equivalent of a Rule 12(b)(6) motion, is ill-considered in its conclusory and uninformative form. If Georgia-Pacific wishes to raise the claimed legal insufficiency of the Complaint, that must be done in an informative and appropriately supported manner. AD 1 is stricken.

2. Defendants, like plaintiffs, must conform to the notice-pleading approach called for in federal pleading. Hence such blunderbuss assertions as are set out in ADs 2, 7, 8, 9, 12 and 13 are inadequate. All are stricken, but without prejudice to the possible reassertion of one or more of them if and to the extent that they may be fleshed out sufficiently to apprise Berryhill and this Court of the foundation for such defenses.

3. Counsel's "to the extent" locution, employed in various of the ADs, is a particularly telltale sign of an

uninformative assertion. Once again any proposed AD must be advanced on a more ascertainable basis.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    January 3, 2012[1]

---

[1] This memorandum order was completed on December 27, but this Court's minute clerk will be away until January 3, 2012.